**DENIED and Opinion Filed November 24, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-20-00927-CV

## IN RE NATHAN NATHANIEL RENDER, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-45177-TU**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Evans
Opinion by Justice Myers

Nathan Nathaniel Render has filed a petition for writ of mandamus requesting the Court consider seven issues arising from his 2009 trial. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition contains an unsworn declaration stating that he is incarcerated and declares "under penalty of perjury that the foregoing legal document and facts therein are true and correct to the best of my knowledge." Thus,

relator's petition is not certified properly. *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached to his petition copies of the indictment, a motion to amend the indictment, an outcry notice, several pages taken from a reporter's record, some correspondence, and several newspaper articles. None of the documents are certified or sworn copies as required by rules 52.3 and 52.7. As the party seeking relief, relator has the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Because the documents in his appendix are not properly authenticated, relator has not shown his entitlement to relief. *See Butler*, 270 S.W.3d at 759.

Finally, relator's petition collaterally attacks his final felony conviction and seeks what should be characterized as article 11.07 habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §1; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356–

57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *see also In re Jones*, No. 01-20-00490-CR, 2020 WL 4210489, at \*1 (Tex. App.—Houston [1st Dist.] July 23, 2020, orig. proceeding) (mem. op, not designated for publication).

We do not have jurisdiction to consider an original application for writ of habeas corpus arising from a criminal proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); A*yers*, 515 S.W.3d at 356–57. Furthermore, we do not have jurisdiction to grant article 11.07 relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§3, 5; *Bd. of Pardons and Paroles ex rel. Keene v. The Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see also In re Morrison*, No. 05-15-00519-CV, 2015 WL 1910329, at \*1 (Tex. App.—Dallas Apr. 28, 2015, orig. proceeding) (mem. op.) (court of appeals has no jurisdiction over complaints that should be raised in post-conviction 11.07 writ application).

Because of the deficiencies in relator's petition and our inability to grant mandamus relief, we deny relator's petition for a writ of mandamus.[1]

/Lana Myers/
LANA MYERS
JUSTICE

200927F.P05

---

[1] Relator's pro se petition and appendix contains the unredacted name of the minor victim of his offense in violation of the rules of appellate procedure. *See* TEX. R. APP. P. 9.9. Because relator failed to redact this sensitive data, the Clerk of the Court has removed the petition and attached appendix from the Court's website. *See* TEX. R. APP. P. 9.9(e).