**Petition for Writ of Mandamus Dismissed and Opinion filed April 14, 2016.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-16-00274-CR

_____

### IN RE AVERY LAMARR AYERS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1476757**

## OPINION

On April 5, 2016, relator Avery Lamarr Ayers filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator, who was convicted for forgery of a financial instrument, claims he is innocent and that he received ineffective assistance of counsel.

Relator is requesting habeas corpus relief. The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. Tex. Gov't Code Ann. § 22.221(d); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Ex Parte Denby*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015); *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Therefore, this court is without jurisdiction to consider relator's petition requesting habeas corpus relief.

Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and McCally.
Publish — Tex. R. App. P. 47.2(b).