**Petitions for Writ of Mandamus and Habeas Corpus Dismissed and Memorandum Opinion filed November 17, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00902-CR
## NO. 14-16-00903-CR

## IN RE MCKINLEY BROOKS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**WRIT OF HABEAS CORPUS**
**405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15-CR-0525**

---

## MEMORANDUM OPINION

On November 9, 2016, relator McKinley Brooks filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to order the Honorable Michelle Slaughter, presiding judge of the 405th District Court of Galveston County, to release relator on a personal bond or bail due to delay caused by the

state's motions to continue the trial and to require relator's presence in court at all pretrial hearings. Relator also filed a petition for writ of habeas corpus asking this court to dismiss the case against relator due to the violation of his right to a speedy trial or to order DNA evidence excluded at trial.

Relator is requesting habeas corpus relief in both petitions. The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, No. 14-16-00274-CR, — S.W.3d —, 2016 WL 1533747, at *1 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015); *Ayers*, 2016 WL 1533747, at *1. Therefore, this court is without jurisdiction to consider relator's requests for habeas corpus relief.

Relator alternatively requests that we order the court to hold hearings on his pretrial writ of habeas and other pretrial motions. However, relator mentions that he is represented by counsel in the underlying case. A criminal defendant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The issues relator raises in his *pro se* petition for writ of mandamus relate directly to a criminal proceeding in which he is represented by counsel. Therefore, in the absence of a right to hybrid representation, relator has presented nothing for this court's consideration. *See Patrick*, 906 S.W.2d at 498.

2

Accordingly, we dismiss relator's petition. We further deny relator's motions to proceed in forma pauperis.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).