# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00638-CV

## In re Stephen Miller

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Stephen Miller, an inmate proceeding pro se, has filed a document that we construe as an application for writ of habeas corpus, based on its substance. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look at substance of pleading rather than its caption or form to determine its nature). Although Miller does not designate his document as an application for writ of habeas corpus, he complains about the "unlawful extension" of his prison sentence (a claim of illegal restraint) and seeks an order of "time served with immediate release" (release from the purportedly illegal restraint). In effect, the relief he seeks amounts to a request for habeas relief. *See* Tex. Code Crim. Proc. arts. 11.01 (defining writ of habeas corpus as "the remedy to be used when any person is restrained in his liberty"); 11.21 (defining "confinement"), 11.22 (defining "restraint"). We do not have jurisdiction to grant the relief that Miller seeks.

Article V, Section 6, of the Texas Constitution provides that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6. Pursuant to this constitutional directive, the Legislature established the authority of a court of appeals to issue writs in Section 22.221 of the Government Code. *See*

Tex. Gov't Code § 22.221. Under Section 22.221, this Court has no original habeas corpus jurisdiction in criminal-law matters; our original jurisdiction to entertain applications for writ of habeas corpus extends solely to the actions of judges in civil cases. *See id.* § 22.221(d) (providing original habeas jurisdiction to courts of appeals where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case); *see also Lewis v. State*, 191 S.W.3d 225, 229 (Tex. App.—San Antonio 2005, pet ref'd); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet ref'd); *Ex parte Hearon*, 3 S.W.3d 650, 650 (Tex. App.—Waco 1999, orig. proceeding) (per curiam).

Our habeas corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *see also In re White*, No. 03-18-00061-CV, 2018 WL 699344, at *1 (Tex. App.—Austin Feb. 1, 2018, orig. proceeding); *In re Hall*, No. 03-17-00778-CV, 2017 WL 5985541, at *1 (Tex. App.—Austin Nov. 30, 2017, orig. proceeding); *In re Gonzalez*, No. 03-17-00287-CV, 2017 WL 1832504, at *1 (Tex. App.—Austin May 5, 2017, orig. proceeding); *In re Graham*, No. 03-14-00270-CV, 2015 WL 5781102, at *1 (Tex. App.—Austin Oct. 2, 2015, orig. proceeding); *accord In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05; *see In re White*, 2018 WL 699344, at *1; *In re Hall*, 2017 WL 5985541, at *1; *In re Gonzalez*, 2017 WL 1832504, at *1.

Accordingly, we dismiss Miller's application for writ of habeas corpus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Boulrand

Dismissed for Want of Jurisdiction

Filed:   October 11, 2018