**Opinion issued February 14, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**No. 01-18-01052-CR**

———————————

**IN RE RICHARD VINCENT LETIZIA, Relator**

---

**Original Proceeding on Petition for Writ of Habeas Corpus**

---

## MEMORANDUM OPINION

Relator, Richard Vincent Letizia, has filed an application for a writ of habeas corpus, "challenging the legality and constitutionality of the July 06, 2016 arrest and confinement."[1] He contends that he is illegally restrained of his liberty by the Harris County Sheriff in violation of the Fourth Amendment of the United States

---

[1]     Relator's petition identifies the underlying proceeding as *Ex parte Richard Vincent Letizia*, cause number 2112524, in the County Criminal Court at Law No. 5 of Harris County, Texas.

Constitution and article 51.13 of the Texas Code of Criminal Procedure.[2] We dismiss the application for want of jurisdiction.

This Court does not have original habeas corpus jurisdiction in criminal cases. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Pursuant to section 22.221(d) of the Texas Government Code, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge *in a civil case*. TEX. GOV'T CODE ANN. § 22.221(d) (emphasis added). In criminal matters, our habeas corpus jurisdiction is appellate only, and we do not have original habeas corpus jurisdiction. *See id.*; *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see, e.g.*, *Ex parte Sampson*, No. 12-17-00227-CR, 2017 WL 3225061, at *1 (Tex. App.—Tyler July 31, 2017, orig. proceeding) (mem. op., not designated for publication) (dismissing application seeking issuance of writ of habeas corpus, contending relator was "falsely arrested and imprisoned"). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *In re Ayers*, 515 S.W.3d at 356.

---

[2]    *See* U.S. Const. amend. IV;  TEX. CODE CRIM. PROC. ANN. art. 51.13.

Accordingly, we dismiss the petition for want of jurisdiction. And, we dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish.   TEX. R. APP. P. 47.2(b).