# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00118-CV

**In re Whitney Frilot**

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of habeas corpus and a brief in support of habeas corpus petition. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator, who indicates he is confined on pending charges of possession of a controlled substance, seeks release because of asserted delay pursuant to Article 32.01 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 32.01.

The courts of appeals have no original habeas corpus jurisdiction in criminal matters; our jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *In re Gonzalez*, No. 03-17-00287-CV, 2017 WL 1832504, at *1 (Tex. App.—Austin May 5, 2017, orig. proceeding) (citing *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, orig. proceeding)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05; *In re Ayers*, 515 S.W.3d at 356; *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso1994, orig. proceeding).

Therefore, this Court is without jurisdiction to consider relator's petition requesting habeas corpus relief.

Accordingly, we dismiss relator's petition for lack of jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Filed:   May 24, 2019