# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00415-CV

**In re Benjamin Washington**

## ORIGINAL PROCEEDING FROM COOKE COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Benjamin Washington has filed a document with the Court, which we have construed as a petition for writ of habeas corpus. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its caption or form to determine its nature); *see also* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. In his petition, Washington indicates that he seeks release from his confinement on pending charges, but he does not complain of any specific trial-court order. The intermediate courts of appeals have no original habeas corpus jurisdiction in criminal matters; our habeas corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d) (limiting jurisdiction to issue writs of habeas corpus to cases in which person is being restrained in our court of appeals district based on violation of order or judgment issued in civil case); *In re Gonzalez*, No. 03-17-00287-CV, 2017 WL 1832504, at *1 (Tex. App.—Austin May 5, 2017, orig. proceeding) (citing *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, orig. proceeding)). Original jurisdiction to grant a writ of habeas corpus in a

criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts.  Tex. Code Crim. Proc. art. 11.05; *In re Ayers*, 515 S.W.3d at 356; *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding).

In addition, we note that Washington states that he is incarcerated in the Cooke County jail in Gainesville, Texas, and he raises various complaints against the judge of the 235th District Court.  To the extent Washington seeks mandamus relief, we lack jurisdiction to consider these complaints.  By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court *in the court of appeals district*."  *See* Tex. Gov't Code § 22.221(b) (emphasis added).  This Court does not have mandamus jurisdiction over any court officials of Cooke County, which lies outside of our appellate district.  *See id.* § 22.201(d) (listing counties that compose the Third Court of Appeals District).

Accordingly, we dismiss the petition for lack of jurisdiction.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Filed:  July 9, 2019

2