**Opinion issued September 19, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00615-CR

———————————

## IN RE JOHN ANTHONY BUCHANAN, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, John Anthony Buchanan, incarcerated and proceeding pro se, has filed an application for a writ of habeas corpus, challenging the legality and constitutionality of a July 19, 2019 order, allegedly finding him incompetent to stand trial and committing him to a facility to restore competence.[1] He contends that he is illegally restrained of his liberty by the Harris County Sherriff in

---

[1]    *See* TEX. CODE CRIM. PROC. art. 46B.001–.091.

violation of the Fourth Amendment of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. We dismiss the application for want of jurisdiction.

This Court does not have original habeas corpus jurisdiction in criminal cases. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Pursuant to section 22.221(d) of the Texas Government Code, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. TEX. GOV'T CODE § 22.221(d) (emphasis added). In criminal matters, our habeas corpus jurisdiction is appellate only, and we do not have original habeas corpus jurisdiction. *See id*.; *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see, e.g.*, *Ex parte Sampson*, No. 12-17-00227-CR, 2017 WL 3225061, at *1 (Tex. App.—Tyler July 31, 2017, orig. proceeding) (mem. op., not designated for publication) (dismissing application seeking issuance of writ of habeas corpus, contending relator was "falsely arrested and imprisoned"). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of

those courts.  *See* TEX. CODE CRIM. PROC. art. 11.05; *In re Ayers*, 515 S.W.3d at 356.

Accordingly, we dismiss the petition for want of jurisdiction.  We dismiss all pending motions as moot.[2]

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

---

[2]   The underlying case is *State of Texas v. John Anthony Buchanan*, cause number 1618854, pending in the 179th District Court of Harris County, Texas, the Honorable Randy Roll presiding.