**DISMISSED and Opinion Filed February 19, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00161-CV

### IN RE ANTHONY J. GREER JR., Relator

**On Appeal from the County Criminal Court No. 10**
**Dallas County, Texas**
**Trial Court Cause No. M17-50715-L**

## MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Reichek
Opinion by Justice Reichek

Anthony J. Greer Jr. has filed an original application for writ of habeas corpus in this Court under articles 11.072 and 11.09 of the code of criminal procedure requesting that this Court conduct a hearing on the continued enforcement of his probation conditions, vacate his plea of guilty to harassment, dismiss all charges against him, and declare him to be an indigent. Relator contends the trial court granted his application for writ of habeas corpus and vacated his conviction for harassment, but it continues to enforce the probation conditions imposed while he was on community supervision.

We do not have jurisdiction to consider an original application for writ of habeas corpus filed in a criminal proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

An article 11.072 habeas writ application must be filed "with the clerk of the court in which community supervision was imposed." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a). An article 11.09 habeas writ application challenging a person's confinement on a misdemeanor charge must be made to "the county judge of the county in which the misdemeanor is charged to have been committed . . . ." TEX. CODE CRIM. PROC. ANN. art. 11.09.

Accordingly, we dismiss the writ application for want of jurisdiction.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


200161F.P05