**Order entered September 15, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00064-CR

## LOUIS JAMES BROWN, III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-83597-2019

## ORDER

Before the Court is appellant's August 24, 2020 motion styled "Habeas Corpus/Motion for Bail Pending Appeal." In his motion, appellant contends he is confined in the Collin County Jail following his conviction for stalking and resulting nine-year sentence. Appellant has appealed his conviction and contends he should be entitled to post bond pending resolution of his appeal. Appellant contends he should be entitled to release on a cash bond of $2,000 to $3,000 or surety bonds in an amount of $20,000 to $30,000. Appellant further contends the

trial court judge ignored numerous motions requesting bail pending appeal, but did finally rule upon his request and denied bail on August 18, 2020.

This Court does not have original criminal habeas jurisdiction and thus may not grant appellant habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Furthermore, the code of criminal procedure assigns to the trial court the determination of whether to grant bail pending an appeal to an appellant convicted of a felony and sentenced to less than ten years' imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04 (c–e). The code of criminal procedure assigns to the court of appeals the power to review the trial court's determination. *See id*. at art. 44.04(g).

Because the Court lacks original habeas jurisdiction and statutory authority to grant bail as appellant requests, we **DENY** the motion.

However, in his motion, appellant states that the trial court "finally heard" his motion for a bond hearing and refused relief on August 18, 2020 "which now allows the appellant to seek the Appellate Courts to supercede any decision." Because appellant indicates an intention to seek appellate relief from the trial court's determination denying relief on his motion for an appeal bond, we construe appellant's "Habeas Corpus/Motion for Bail Pending Appeal" as a notice of appeal from the trial court's order.

Accordingly, we **DIRECT** the Clerk of the Court to file appellant's "Habeas Corpus/Motion for Bail Pending Appeal" as a notice of appeal to be assigned a separate cause number.  The Court will issue an order in due course to establish due dates for the record and briefs.

/s/　　LANA MYERS
　　　　JUSTICE