**DISMISSED and Opinion Filed December 22, 2020**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00984-CV**

**IN RE CHARLES ANTHONY ALLEN, SR., Relator**

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV99-01573-V**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Charles Anthony Allen, Sr. has filed an original application for writ of habeas corpus to complain about the issuance of a protective order against him in 1999. Although the protective order is no longer in effect, relator contends he suffers continued collateral consequences. *See Allen v. State*, No. 05-01-00812-CR, 2002 WL 1286508 (Tex. App.—Dallas June 12, 2002, pet. dism'd as untimely) (not designated for publication).[1] He contends the criminal district court judge did not have jurisdiction to issue a protective order on a matter that should have been handled in family court.

---

[1] Appellant alleges the case was transferred to the 291st Judicial District Court which convicted him.

Although relator contends this is a family law matter, this original proceeding arises out of a criminal court proceeding, a conviction for contempt which only occurred after relator entered a guilty plea and accepted deferred adjudication in the matter. We do not have jurisdiction to consider an original application for writ of habeas corpus filed in a criminal proceeding. *See* TEX. CODE CRIM. PROC. art. 11.05[2]; TEX. GOV'T CODE § 22.221(d)[3]; *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.— Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Because the conviction relator challenges is a felony, he must make the writ application pursuant to article 11.07 of the code of criminal procedure **in the trial court** because this court does not have jurisdiction to consider it. *See* TEX. CODE CRIM. PROC. art. 11.07, §§ 1, 3[4]; *Board of Pardons and Paroles ex rel. Keene v. The Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

---

[2] "By whom writ may be granted[.] The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law."

[3] "Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge **in a civil case**. Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted." (emphasis added).

[4] § 3(b): "An application for writ of habeas corpus filed after a final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. . . ."

Accordingly, we dismiss the original proceeding for want of jurisdiction without prejudice to relator properly filing it in the trial court.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

200984F.P05