**Dismissed w.o.j. and Opinion Filed February 22, 2021.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-01117-CV**

_____

**IN RE JOSE F. RODRIGUEZ JR., Relator**

**Original Proceeding from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F20-41693-H**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Partida-Kipness

Relator Jose F. Rodriguez, Jr. has filed an original application for writ of habeas corpus in this Court pursuant to article 11.07 of the code of criminal procedure. In his application, relator asks this Court to modify his community supervision sentence by granting him a "compassionate release" from the Intermediate Service Facility hold under which he says he is currently confined.

We do not have jurisdiction to consider an original application for writ of habeas corpus filed in a criminal proceeding. TEX. CODE CRIM. PROC. art. 11.05; *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Here, relator brings his writ application pursuant to article

11.07 of the code of criminal procedure. Trial court records show, however, that on December 16, 2020, relator pleaded guilty to the offense of theft of property, less than $2,500 under section 31.03(e)(4)(d) of the penal code and, pursuant to the terms of a plea bargain, was sentenced to two years deferred adjudication community supervision and a probated fine. The Order of Deferred Adjudication also notes that relator is "to be held for ISF per condition of probation." Because appellant is serving a term of community supervision, any habeas relief he chooses to pursue must be initiated pursuant to article 11.072. *See* TEX. CODE CRIM. PROC. art. 11.072, § 1; *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008); *Ex parte Vetcher*, No. 05-17-00322-CR, 2017 WL 3498479, at *1 (Tex. App.—Dallas Aug. 16, 2017, orig. proceeding) (mem. op.). We will, therefore, construe this proceeding as one seeking relief pursuant to article 11.072 rather than article 11.07. *See Ex parte Holland*, No. 05-17-01422-CR, 2018 WL 3949545, at *3–4 (Tex. App.—Dallas Aug. 17, 2018, pet. ref'd) (mem. op.) (treating appeal as arising from denial of article 11.072 writ application despite appellant filing application in trial court on 11.07 form where trial court and State treated the application the same).

Article 11.072 establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a judgment under which the applicant is either serving a term of community supervision or has completed a term of community supervision. TEX. CODE CRIM. PROC. art. 11.072, § 1. Those procedures require an applicant to first seek relief in "the court in which community supervision

was imposed." TEX. CODE CRIM. PROC. art. 11.072, § 2(a). If the application is denied in whole or part by the trial court, then the applicant may appeal under article 44.02 of the code of criminal procedure and Rule 31 of the Texas Rules of Appellate Procedure. TEX. CODE CRIM. PROC. art. 11.072, § 8. This Court does not, however, have jurisdiction to decide an original application for writ of habeas corpus under article 11.072 like the one at issue here or under article 11.07 as cited by relator in his application. *In re Turcios*, No. 05-20-00705-CV, 2020 WL 4745544, at \*1 (Tex. App.—Dallas Aug. 17, 2020, orig. proceeding) (mem. op.) ("we do not have jurisdiction to grant article 11.07 relief or review the trial court's determinations in article 11.07 proceedings."); *In re Greer*, No. 05-20-00158-CV, 2020 WL 813373, at \*1 (Tex. App.—Dallas Feb. 19, 2020, orig. proceeding) (mem. op.) (dismissing original writ application brought under articles 11.072 and 11.09 for want of jurisdiction). Accordingly, we dismiss this proceeding for want of jurisdiction.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

201117F.P05