# NOS. 12-21-00100-CR
# 12-21-00101-CR
# 12-21-00102-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CARLOS DANIEL GUERRERO,* | § | *ORIGINAL PROCEEDINGS* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Carlos Daniel Guerrero, acting pro se, filed this original proceeding to request an investigation into Angelina County District Clerk Reba Squyres's[1] failure to file his motions and writs, including his pretrial motion for bond reduction, and an investigation into the "misconducts [sic] against rights" by the Honorable Paul E. White, Judge of the 159th District Court in Angelina County, Texas as to excessively high bail.[2] The State of Texas is the Real Party in Interest.

---

[1] A district clerk is not a judge over which this Court has mandamus jurisdiction; nor does the record demonstrate that issuance of a writ of mandamus against Respondent Squyres is necessary to protect this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2020) (writ power); *see also **In re Eaton**,* No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); ***In re Vargas***, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction).

[2] Courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. ***Ex parte Sampson***, No. 12-17-00227-CR, 2017 WL 3225061, at *1 (Tex. App.—Tyler July 31, 2017, orig. proceeding) (per curiam) (mem. op., not designated for publication); ***In re Ayers***, 515 S.W.3d 356 (Tex. App.–Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

On July 6, 2021, the Clerk of this Court notified Relator that his petition for writ of mandamus failed to comply with Texas Rules of Appellate Procedure 52.1, 52.2, 52.3, and 52.7.[3] *See* TEX. R. APP. P. 52.1 (commencement); 52.2 (designation of parties); 52.3 (form and contents of petition); 52.7 (record). The notice further informed Relator that his petition would be referred to the Court for dismissal unless he provided an amended petition and the record on or before July 19. That deadline passed, and Relator has not filed an amended petition or a mandamus record.

A party seeking extraordinary relief must bring forward all that is necessary to establish his claim for relief. *See* TEX. R. APP. P. 52. The petition must contain certain items, including identification of issues presented, table of contents, index of authorities, statement of jurisdiction, and an appendix. *See* TEX. R. APP. P. 52.3. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See* ***In re Mack***, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding) (per curiam) (mem op.); *see also* ***In re Daisy***, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to relief. *See* ***In re McCreary***, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication). Because

---

[3] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review. Therefore, we *deny* his petition for writ of mandamus/habeas corpus.[4]

Opinion delivered August 4, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[4] We classified Relator's petition as both a petition for mandamus and a petition for writ of habeas corpus, given that his filing was not entirely clear as to which remedy, or both, he sought.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 4, 2021**

**NO. 12-21-00100-CR**

**CARLOS DANIEL GUERRERO,**
Relator
V.

**HON. PAUL E. WHITE**
**AND REBA SQUYRES**
Respondents

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus/habeas corpus filed by Carlos Daniel Guerrero; who is the relator in appellate cause number 12-21-00100-CR and the defendant in trial court cause number F05524, pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus/habeas corpus having been filed herein on July 6, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus/habeas corpus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 4, 2021

NO. 12-21-00101-CR

**CARLOS DANIEL GUERRERO,**
Relator
V.

**HON. PAUL E. WHITE**
**AND REBA SQUYRES**
Respondents

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus/habeas corpus filed by Carlos Daniel Guerrero; who is the relator in appellate cause number 12-21-00101-CR and the defendant in trial court cause number F05544, pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus/habeas corpus having been filed herein on July 6, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus/habeas corpus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 4, 2021**

**NO. 12-21-00102-CR**

**CARLOS DANIEL GUERRERO,**
Relator
V.

**HON. PAUL E. WHITE**
**AND REBA SQUYRES**
Respondents

**ORIGINAL PROCEEDING**

ON THIS DAY came to be heard the petition for writ of mandamus/habeas corpus filed by Carlos Daniel Guerrero; who is the relator in appellate cause number 12-21-00102-CR and the defendant in trial court cause number 21-0684, pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus/habeas corpus having been filed herein on July 6, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus/habeas corpus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*