**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed March 8, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00131-CR

_____

### IN RE DEANDRE DYNELL DEBOEST, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1737576**

---

## MEMORANDUM OPINION

On February 25, 2022, relator Deandre Dynell Deboest filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator requests that this Court "issue the writ of habeas corpus and conduct a hearing thereon and that applicant be ordered discharged from illegal custody and restrains [sic] or, alternatively, that bail be reduced to $ 0 personal bond."

The intermediate courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Id. (citing Tex. Code Crim. Proc. Ann. art 11.05). Therefore, this court is without jurisdiction to consider relator's petition requesting habeas corpus relief.

Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).

2