**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed March 8, 2022.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-22-00116-CR**

---

**IN RE DEANDRE DYNELL DEBOEST, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1737576**

---

## MEMORANDUM OPINION

On February 24, 2022, relator Deandre Dynell Deboest filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to "grant the application for writ of habeas corpus and order petitioner discharged from illegal restraint he is currently suffering."

The intermediate courts of appeals have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant an application for a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art 11.05. Therefore, this court does not have original habeas-corpus jurisdiction to grant relator's requested relief.

Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).