**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed March 29, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00061-CR

---

### IN RE EDWARD E. BRYANT, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 973517**

---

## MEMORANDUM OPINION

On February 1, 2022, relator Edward E. Bryant filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Although relator acknowledges that he was convicted in Harris County and his appeal was transferred to the Sixth Court of Appeals in Texarkana,[1]

---

[1] *See Bryant v. State*, No. 06-05-00142-CR, 2006 WL 1702137 (Tex. App.—Texarkana June 22, 2006, pet. ref'd) (mem. op., not designated for publication).

relator requests this Court to "locate the [habeas corpus] petition for [him], file it, and bring it to the Courts [sic] attention."

The intermediate courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing Tex. Code Crim. Proc. Ann. art 11.05). Therefore, this court is without jurisdiction to consider relator's petition requesting habeas corpus relief.

The relief sought by relator is not within this Court's jurisdiction. As such, relator's petition for writ of habeas corpus is dismissed for want of jurisdiction.


PER CURIAM

Panel consists of Justices Jewell, Zimmerer, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).