# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00017-CV

---

**Ex parte Phillip Scott**

---

## ORIGINAL PROCEEDING FROM COMAL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Phillip Scott has filed an original pro se application for writ of habeas corpus challenging the existence of probable cause for his pretrial confinement. *See* Tex. Code Crim. Proc. arts. 11.01, .05, .40.

The original habeas corpus jurisdiction of a court of appeals is limited to cases where a person's liberty is restrained because he or she has violated an order, judgment, or decree in a civil case. *See* Tex. Gov't Code § 22.221(d); *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011). Courts of appeals have no original habeas jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, no pet.); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) ("The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only."). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05.; *see Ayers*, 515 S.W.3d at 356.

Accordingly, we dismiss Scott's original application for writ of habeas corpus for want of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Filed:   January 24, 2023