**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 24, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00588-CR

## IN RE THORNTON RAY PROPHET, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 262195**

---

## MEMORANDUM OPINION

On August 16, 2023, relator Thornton Ray Prophet filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator seeks to compel the Harris County District Clerk to assign his habeas corpus for an out-of-time appeal to the appropriate court of appeals for consideration.[1]

---

[1] On June 2, 2023, this Court sent the following letter to the Harris County District Clerk:

On June 2, 2023, Thornton Prophet mistakenly filed the attached documents with the Fourteenth Court of Appeals. In accordance with Tex. R. App. P. 25, the documents

This Court's mandamus jurisdiction is governed by the Government Code. *See* Tex. Gov't Code Ann. § 22.221. A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in the court of appeals district for the judge who appointed the associate judge. *Id*. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id*. § 22.221(a).

We have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See In re Bogus*, No. 14-20-00728-CR, 2020 WL 6494973, at \*1 (Tex. App.—Houston [14th Dist.] Nov. 5, 2020) (orig. proceeding). Relator has not shown that the issuance of a writ against the district clerk is necessary to enforce this Court's jurisdiction.[2]

---

affixed with this Court's file stamped date of receipt, is being forwarded to your office for assignment. Tex. Gov't Code Ann. section 22.202(h).

The document affixed to this Court's letter to the District Clerk was titled "post-conviction for a writ of habeas corpus under article 11.07, for an out-of-time appeal."

[2] The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id*. (citing Tex. Code Crim. Proc. Ann. art 11.05).

For these reasons, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.


PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).