**Opinion filed July 25, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00178-CR

_____

## WILLIAM ARNETT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-23-0621-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, William Arnett, has filed a pro se notice of appeal that relates to his pending criminal case in trial court cause no. C-23-0621-CR. In the notice of appeal, Appellant requests that we "accept the following documents as cause to proceed" and refers to his handwritten "complaints and assertions" within such "documents." We dismiss the appeal.

Appellant's notice of appeal appears to relate to complaints regarding the attorneys in the proceedings below, and possibly to a purported pro se application for writ of habeas corpus. When this appeal was docketed, we notified Appellant that it did not appear that a final, appealable order had been entered in the trial court. We requested Appellant's counsel to respond and show grounds to continue this appeal. Neither Appellant nor his counsel has filed a response.

An appellate court has jurisdiction to consider an appeal filed by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Ragston v. State*, 424 S.W.3d 49, 51–52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). As Appellant concedes in the notice of appeal, the trial court has not ruled on any pending writ of habeas corpus application. Because the trial court has not entered an appealable order in the underlying proceeding, we have no jurisdiction to entertain this appeal.

Moreover, to the extent Appellant requests habeas corpus relief from this court by this filing, we have no authority to grant the relief he seeks. As a court of appeals, we do not have original habeas jurisdiction in criminal cases. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (original habeas jurisdiction is limited to county courts, district courts, and the Court of Criminal Appeals); *In re Proctor*, No. 11-20-00075-CR, 2020 WL 1181934, at *1 (Tex. App.—Eastland Mar. 12, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication); *see also* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2023) (limiting original habeas jurisdiction to civil cases). Therefore, we do not have original habeas jurisdiction to address Appellant's claims or to entertain his requests. *See* CRIM. PROC. art. 11.05; *see In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (court of appeals lacked original habeas jurisdiction to address an

original proceeding filed in a criminal case that alleged ineffective assistance of counsel).

Accordingly, we dismiss the appeal for want of jurisdiction.

JOHN M. BAILEY

CHIEF JUSTICE

July 25, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.