**DISMISS and Opinion Filed October 2, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-01137-CR

## Ex Parte ROSS THOMAS BRANTLEY, III

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-00014**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Reichek, and Justice Goldstein
Opinion by Chief Justice Burns

Before the Court is Ross Thomas Brantley III's petition for writ of habeas corpus. We lack jurisdiction to grant the relief relator seeks, and we dismiss the proceeding for want of jurisdiction.

Relator was convicted of assault involving family violence on February 8, 2013. This Court modified the judgment of conviction and affirmed the judgment as modified. *Brantley v. State*, No. 05-13-00225-CR, 2014 WL 545514 (Tex. App.—Dallas Feb. 10, 2014, no pet.) (mem. op; not designated for publication). The mandate issued May 27, 2014.

On June 25, 2024, relator filed "Motion for leave to file Petition for Writ of Habeas Corpus" in the United States District Court for the Northern District of Texas. On September 26, 2024, that document was filed in this Court after appellant told the federal court, "The pleadings that was done was intended Your Honor to go to the Court of Appeals of Texas Fifth District at the George L. Allen Sr. Courts Building." Relator requests that we find he received ineffective assistance of counsel, that his right to a speedy trial was violated, and that he was granted a new trial. He asks that we vacate his conviction and sentence or that we bench warrant him to the trial court "to have conviction corrected or set aside in the interest of justice what he is entitled in the law or equity."

We do not have jurisdiction to consider an original application for writ of habeas corpus filed in a criminal proceeding. *See* TEX. GOV'T CODE ANN. § 22.221(d) (court of appeals has jurisdiction to issue writ of habeas corpus "in a civil case"); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016 orig. proceeding) (per curiam). The Texas Court of Criminal Appeals, and not this Court, has exclusive jurisdiction in final, post-conviction felony proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings.").

We dismiss this proceeding for want of jurisdiction.

_____
/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

241137F.U05