**Dismiss and Opinion Filed October 2, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-01105-CR**

**EX PARTE PATRICIA MCMILLION**

**Original proceeding from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 057504-15**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Breedlove

Before the Court is Patricia McMillion's document styled "Common Law Writ Declaration of Entitlement to Article III Judiciary." The document appears to be an original proceeding seeking a post-conviction writ of habeas corpus and mandamus relief against a clerk or court coordinator in Grayson County. We lack jurisdiction to grant the relief relator seeks, and we dismiss the proceeding for want of jurisdiction.

Relator was convicted of murder on June 10, 2009, and sentenced to eighty years' imprisonment. This Court affirmed her conviction on May 25, 2011, and this Court's mandate issued August 3, 2011. *See McMillion v. State*, No. 05-09-01014-

CR, 2011 WL 2028214 (Tex. App.—Dallas May 25, 2011, no pet.) (mem. op; not designated for publication). In 2016, she filed a petition for writ of mandamus challenging the portion of the judgment requiring her to pay $10,000 in fines and court costs. We denied the petition for writ of mandamus. *See In re McMillion*, 05-16-00007-CV, 2016 WL 145700 (Tex. App.—Dallas Jan. 12, 2016, orig. proceeding).

In this proceeding, relator requests, *inter alia*, release from the Texas Department of Criminal Justice and the vacating of the 2009 judgment. We do not have jurisdiction to consider an original application for writ of habeas corpus filed in a criminal proceeding. *See* TEX. GOV'T CODE ANN. § 22.221(d) (court of appeals has jurisdiction to issue writ of habeas corpus "in a civil case"); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016 orig. proceeding) (per curiam). Relator's complaint falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 1. The Texas Court of Criminal Appeals, and not this Court, has exclusive jurisdiction in final, post-conviction felony proceedings. *Id.* art. 11.07, § 3(a); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings.").

To the extent relator may seek a writ of mandamus against a clerk or court coordinator in Grayson County for failing to file a document seeking post-conviction

relief, this Court may issue a writ of mandamus against a clerk or person other than a judge only as necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b). Because we have no jurisdiction in final post-conviction felony proceedings, requiring the filing of a document related to relator's conviction is not necessary to enforce our jurisdiction. *See* TEX. CODE CRIM. PROC. art. 11.07, § 5; *In re Mooney*, No. 05-07-01348-CV, 2007 WL 3054284, at *1 (Tex. App.—Dallas Oct. 22, 2007, orig. proceeding) (mem. op.) (dismissing for want of jurisdiction inmate's petition for writ of mandamus when inmate requested Court to compel district clerk to file a motion relating to inmate's application for writ of habeas corpus pursuant to article 11.07). Thus, we lack jurisdiction to compel a clerk or court coordinator to file relator's motion. *Cf.* TEX. CONST. art. V, § 5(c) (court of criminal appeals has the power to issue writs of mandamus in criminal law matters).

To the extent relator seeks any other relief, the document she filed does not show we have jurisdiction to grant the relief.

We dismiss this original proceeding for want of jurisdiction.


241105f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE