# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00793-CV

### In re Jaime Cruz Rodriguez

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Jaime Cruz Rodriguez has filed an original pro se application for writ of habeas corpus seeking release on personal bond or bail reduction on the ground that the state allegedly was not ready for trial of the felony action for which relator was detained within 90 days of the commencement of his detention. *See* Tex. Code Crim. Proc. arts. 1.08, .09; 11.01, .05, .40, .65; 17.151.

The original habeas corpus jurisdiction of a court of appeals is limited to cases where a person's liberty is restrained because he, she, or they have violated an order, judgment, or decree in a civil case. *See* Tex. Gov't Code § 22.221(d); *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011). Courts of appeals have no original habeas jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, no pet.); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) ("The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only."). Original

jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05.; *see Ayers*, 515 S.W.3d at 356.

Accordingly, we dismiss relator's original application for writ of habeas corpus for want of jurisdiction.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: December 6, 2024