**Opinion issued March 11, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-24-00986-CR

————————————

### IN RE ROGER LEE HALL, Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

### MEMORANDUM OPINION

Relator Roger Lee Hall, incarcerated and proceeding pro se, has filed a petition for a writ of habeas corpus in this Court. *See* TEX. GOV'T CODE § 22.221; *see also* TEX. R. APP. P. 52. In his petition, relator asks this Court to reconsider and reinstate his original bond.

The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing TEX. GOV'T CODE § 22.221(d)). Original jurisdiction to

grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing TEX. CODE CRIM. PROC. art. 11.05). Therefore, this court does not have original habeas corpus jurisdiction over relator's complaints. *See Ayers*, 515 S.W.3d at 356; *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

Accordingly, relator's petition is dismissed for lack of jurisdiction.[1]

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

---

[1] The underlying case is *State of Texas v. Roger Lee Hall*, cause number 1894303, pending in the 230th District Court of Harris County, Texas, the Honorable Veronica M. Nelson presiding.