Opinion issued March 26, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-26-00210-CR

———————————————

## IN RE BRYANT L. WOODS, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator Bryant L. Woods, incarcerated and proceeding pro se, has filed an application for a writ of habeas corpus in this Court. *See* TEX. GOV'T CODE § 22.221; *see also* TEX. R. APP. P. 52. In his petition, relator asks this court to discharge him from custody because he is being illegally restrained.

The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing TEX. GOV'T CODE § 22.221(d)). Original jurisdiction to

grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id*. (citing TEX. CODE CRIM. PROC. art. 11.05). In his application, relator has not alleged that he filed an application for writ of habeas corpus in the trial court. Because relator is seeking direct relief from this Court, we lack original habeas corpus jurisdiction over relator's complaints. *See Ayers*, 515 S.W.3d at 356.

Accordingly, relator's petition is dismissed for lack of jurisdiction.[1]

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

---

[1] The underlying case is *State of Texas v. Bryant L. Woods*, cause number 1777024, pending in the 262nd District Court of Harris County, Texas, the Honorable Lori Chambers Gray presiding.