

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00223-CR

---

In re Robron Stevalle Charlvez Lewis, Relator

---

## AN ORDINAL PROCEEDING

AN ORIGINAL PROCEEDING

## MEMORANDUM OPINION

On May 11, 2026, Robron Stevalle Charlvez Lewis filed a pro se petition for writ of habeas corpus in this Court, stemming from his indictment for capital murder and subsequent detention in the El Paso County Jail.[1] In the petition, Lewis—citing Article V, Section 8 of the Texas Constitution as well as Articles 11.01 and 11.05 of the Texas Code of Criminal Procedure—claims he is being illegally confined and restrained in the El Paso County Jail, arguing that the $750,000

---

[1] The underlying case is *The State of Texas v. Robron Stevalle Charlvez Lewis*, cause number 20210D03013, pending in the 34th Judicial District Court, El Paso County, Texas, the Honorable William E. Moody presiding.

bond imposed upon him is excessive for various reasons. We dismiss the petition for lack of jurisdiction.

Original habeas jurisdiction of the courts of appeals is limited to cases in which a person's liberty is restrained because they violated an order, judgment, or decree entered by a trial court in a civil case. *See* Tex. Gov't Code § 22.221(d). Courts of appeals do not possess jurisdiction to consider original petitions for writ of habeas corpus in criminal matters. *See id*.; *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *see also* Tex Code Crim. Proc. Ann. art. 11.05 (vesting exclusive jurisdiction to consider original petitions for writs of habeas corpus in the Court of Criminal Appeals, district courts, county courts, and judges sitting on these courts).

Accordingly, we dismiss Lewis's petition for writ of habeas corpus for lack of jurisdiction. *See id*.; *In re Neal*, 653 S.W.3d 346, 346 (Tex. App.—Dallas 2022, orig. proceeding).

LISA J. SOTO, Justice

May 19, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

2