YVONNE T. RODRIGUEZ, Justice
Derek A. Quinata, a Texas attorney, filed a habeas corpus petition challenging a contempt order issued by the Honorable Angie Juarez Barill, Judge of the 346th District Court of El Paso County, Texas. Relator also filed a motion seeking a stay of a de novo contempt hearing scheduled by Judge Barill before the Honorable Stephen B. Ables. Finding that the contempt order was entered in a criminal case, we dismiss this original proceeding for lack of jurisdiction.
A court of appeals' original habeas corpus jurisdiction is limited to civil matters. Under Section 22.221(d) of the Government Code, a court of appeals may issue the writ of habeas corpus when a person is restrained in his liberty by virtue of an order, process, or commitment issued by a court or judge in the court of appeals' district because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case . TEX.GOV'T CODE ANN . § 22.221(d) (West 2004). Original habeas corpus jurisdiction in criminal cases is granted to the Court of Criminal Appeals, the district courts, and county courts. See TEX.CODE CRIM.PROC.ANN . art. 11.05 (West 2015).
The habeas corpus petition does not reflect that Relator was held in contempt for the violation of an order entered by a court or judge in a civil case. To the contrary, the petition reflects that Relator was representing a defendant in a criminal case pending in Judge Barill's court (cause number 20160D01693), and Judge Barill held him in contempt because he failed to appear for two scheduled hearings in these *121 cases. Consequently, we dismiss this original habeas corpus proceeding for lack of jurisdiction. The motion requesting emergency relief is denied as moot.