

# NUMBER 13-22-00072-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HUMBERTO ROSALES CRUZ

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION
### Before Justices Hinojosa, Tijerina, and Silva
### Memorandum Opinion by Justice Hinojosa[1]

Relator Humberto Rosales Cruz has filed a pro se pleading which we construe as a petition for writ of habeas corpus. Relator alleges that the judgment and record in his underlying criminal proceedings indicate that he was convicted of murder, but relator argues that he was instead found guilty of attempting to commit murder under the influence of sudden passion. *See* TEX. PEN. CODE ANN. § 19.02(d). Relator thus alleges that his conviction is void and habeas relief is appropriate.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

The Texas Constitution grants courts of appeals original jurisdiction only where specifically prescribed by law. *See* TEX. CONST. art. V, § 6. The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree that has been rendered in a civil case. *See* TEX. GOV'T CODE ANN. § 22.221(d). The intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal matters. *See Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Therefore, this Court lacks jurisdiction to consider relator's petition requesting habeas corpus relief.

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that we lack jurisdiction over relator's claims. Accordingly, we dismiss the petition for writ of habeas corpus for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of February, 2022.

2