

# NUMBER 13-22-00080-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JEFFERY ALAN RICHIE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva[1]

Jeffery Alan Richie, proceeding pro se, has filed pleadings with our Court regarding an application for writ of habeas corpus that he filed with the District Clerk of Wharton County, Texas. Although Richie's pleadings are unclear, it appears that his application for writ of habeas corpus failed to include a trial court cause number, and his application was ultimately dismissed for that reason by the Texas Court of Criminal Appeals. Given

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

that this matter does not appear to involve a final, appealable judgment, we liberally construe Richie's pleadings as a petition for writ of mandamus. *See* TEX. R. APP. P. 25.2(a)(2) (discussing a criminal defendant's right to appeal); *Canada v. State*, 547 S.W.3d 4, 10 (Tex. App.—Austin 2017, no pet.) (stating that appellate courts liberally construe pro se pleadings although pro se litigants must still follow the applicable rules and laws). Richie states that he is "not challenging his conviction," but "is being restrained in his liberty by the parole hold placed on him and other issues," and Richie asserts that the "clerk has refuse[d] to file[] his notice of appeal."

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary

2

relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against certain judges within our district and "mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a); *see id*. § 22.221(b). This Court does not have jurisdiction to issue a writ of mandamus against a district clerk unless it is necessary to enforce our jurisdiction. *See In re Smith*, 263 S.W.3d 93, 95–96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam).

Based on our review of Richie's pro se pleading, it appears that the gravamen of Richie's complaint concerns the district clerk's failure to file his notice of appeal. However,

Richie has not shown that the issuance of a writ of mandamus is necessary to enforce our jurisdiction over any potential appeal. *See In re Smith*, 263 S.W.3d at 95–96; *In re Washington*, 7 S.W.3d at 182. Further, if we were to construe Richie's pleading as a petition for writ of habeas corpus given his statement that he is "being restrained in his liberty," we would lack jurisdiction over his complaint. *See* Tex. Gov't Code Ann. § 22.221(d). In short, we do not have original habeas corpus jurisdiction in criminal matters. *See Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120–21 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Therefore, to the extent that Richie may seek habeas corpus relief we would lack jurisdiction over his request for relief.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Richie has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8.

CLARISSA SILVA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
3rd day of March, 2022.

4