

# NUMBER 13-22-00364-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE PRINCE CHRISTOPHER JOSEPH DOWNUM

---

## On Petition for Writ of Habeas Corpus.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa[1]

On August 5, 2022, Prince Christopher Joseph Downum[2] filed a pro se petition for writ of habeas corpus contending generally that he is being illegally restrained in his liberty. Although the petition for writ of habeas corpus is unclear, Downum appears to be raising issues regarding, inter alia, a competency hearing, ineffective assistance of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Prince Christopher Joseph Downum is also identified in the documentation provided as Christopher Joseph Downum.

counsel, criminal collusion, and his status as "[sovereign] Native [A]merican Royalty." We lack jurisdiction over Downum's complaints.

The Texas Constitution grants the intermediate courts of appeals original jurisdiction only where specifically prescribed by law. *See* TEX. CONST. art. V, § 6(a); *Dall. Morning News v. Fifth Ct. of Apps.*, 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding). The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree that has been rendered in a civil case. *See* TEX. GOV'T CODE ANN. § 22.221(d). The intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal matters. *See Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11; *Ex parte Braswell*, 630 S.W.3d at 601; *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that we lack jurisdiction over Downum's

2

claims. Accordingly, we dismiss the petition for writ of habeas corpus for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
9th day of August, 2022.

3