

# NUMBER 13-22-00399-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOSE ALFREDO JIMENEZ

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva[1]

Jose Alfredo Jimenez has filed a pro se pleading in this Court entitled "Motion Requesting Higher Court Intervention." In substance, it appears that Jimenez is requesting this Court to grant mandamus relief regarding his complaints regarding, among other matters, ineffective assistance of counsel, denial of court access, due process and equal protection violations, wrongful prosecution, and unjust imprisonment.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Given that this matter does not appear to involve a final, appealable judgment, we liberally construe this pleading as a petition for writ of mandamus. *See* TEX. R. APP. P. 25.2(a)(2) (discussing a criminal defendant's right to appeal); *Canada v. State*, 547 S.W.3d 4, 10 (Tex. App.—Austin 2017, no pet.) (stating that appellate courts liberally construe pro se pleadings although pro se litigants must still follow the applicable rules and laws).[2]

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary

---

[2] Jimenez contends, in part, that he has been "imprisoned unjustly." However, if we were to construe Jimenez's pleading as a petition for writ of habeas corpus, we would lack jurisdiction over his complaint. *See* TEX. GOV'T CODE ANN. § 22.221(d). In short, we do not have original habeas corpus jurisdiction in criminal matters. *See Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120–21 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Jimenez has not met his burden to obtain mandamus relief. Therefore, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of August, 2022.