

# NUMBER 13-22-00427-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE JOSE ALFREDO JIMENEZ

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

On September 20, 2022, Jose Alfredo Jimenez, who is incarcerated, filed a pro se petition for writ of mandamus raising complaints regarding ineffective assistance of counsel, the denial of court access, due process and equal protection violations, unjust imprisonment, and cruel and unusual punishment.[2] Jimenez contends generally that he

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Jimenez contends, in part, that he is innocent and has been unjustly imprisoned. We note that the intermediate appellate courts lack jurisdiction to grant writs of habeas corpus in criminal cases. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120–21 (Tex. App.—El Paso 2017, orig. proceeding); *In*

and other inmates at the Jackson County Jail are being denied due process.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix

---

*re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). We further note that relator has previously made similar claims in separate original proceedings. See generally *In re Jimenez*, No. 13-22-00407-CR, 2022 WL 4091420, at *1–2 (Tex. App.—Corpus Christi–Edinburg Sept. 6, 2022, orig. proceeding) (mem. op., not designated for publication); *In re Jimenez*, No. 13-22-00399-CR, 2022 WL 3693531, at *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, orig. proceeding) (mem. op., not designated for publication).

and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Jimenez has not met his burden to obtain mandamus relief. Therefore, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of September, 2022.