

# NUMBER 13-22-00492-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GEORGE ROSAS

On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

On October 17, 2022, George Rosas filed a pro se petition for writ of habeas corpus contending generally that he is being illegally restrained. Rosas alleges that "the offense report and the stop were fabricated and without probable cause."

The Texas Constitution grants the intermediate courts of appeals original jurisdiction only where specifically prescribed by law. *See* TEX. CONST. art. V, § 6(a); *Dall.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Morning News v. Fifth Ct. of Apps.*, 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding). The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree that has been rendered in a civil case. *See* TEX. GOV'T CODE ANN. § 22.221(d). The intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal matters. *See Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11; *Ex parte Braswell*, 630 S.W.3d at 601; *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that we lack jurisdiction over Rosas's claims. Accordingly, we dismiss the petition for writ of habeas corpus for want of jurisdiction.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
20th day of October, 2022.