

# NUMBERS 13-22-00549-CR & 13-22-00550-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN RE CHILTON MOORE

---

### On Petition for Writ of Habeas Corpus
### and Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Benavides[1]

On November 8, 2022, Chilton Moore, proceeding pro se,[2] filed a combined

pleading designated as a petition for writ of habeas corpus, docketed in our cause number

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator states that he is appearing "by and through" counsel, although the pleading is filed pro se, and that he is filing the petition "aided by" Christopher J. Downum. The petition is signed by both relator and Downum. We caution against the unauthorized practice of law. *See, e.g.*, TEX. GOV'T CODE ANN. § 81.101–.102 (defining the unauthorized practice of law); TEX. PEN. CODE ANN. § 38.123 (explaining that the unauthorized practice of law is a Class A misdemeanor); *Crain v. The Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (stating that a person who is not a licensed attorney may not represent other persons in legal matters).

13-22-00549-CR, and a petition for writ of mandamus, docketed in our cause number 13-22-00550-CR. Relator contends that he has been arrested for first-degree murder and that he has been provided with ineffective assistance of counsel, his right to a speedy trial has been violated, he has "been denied access to even view discovery," and his due process rights have been violated. In the interests of judicial efficiency, we address these claims in one memorandum opinion. We dismiss the petition for habeas corpus in cause number 13-22-00549-CR and we deny the petition for writ of mandamus in cause number 13-22-00550-CR.

## I. PETITION FOR WRIT OF HABEAS CORPUS

The Texas Constitution grants the intermediate courts of appeals original jurisdiction only where specifically prescribed by law. *See* TEX. CONST. art. V, § 6(a); *Dall. Morning News v. Fifth Ct. of Apps.*, 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding). The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree that has been rendered in a civil case. *See* TEX. GOV'T CODE ANN. § 22.221(d). The intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal matters. *See Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *See* TEX. CODE CRIM. PROC.

2

ANN. art. 11; *Ex parte Braswell*, 630 S.W.3d at 601; *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam).

We lack jurisdiction over relator's claims for habeas corpus relief. Accordingly, we dismiss the petition for writ of habeas corpus in cause number 13-22-00549-CR for want of jurisdiction.

## II.    PETITION FOR WRIT OF MANDAMUS

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate

3

citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator has not met his burden to obtain mandamus relief under the foregoing standard. Accordingly, we deny the petition for writ of mandamus in cause number 13-22-00550-CR.

### III.    CONCLUSION

The Court, having examined and fully considered the petition for writ of habeas corpus and petition for writ of mandamus, is of the opinion that we lack jurisdiction over relator's claims for habeas relief, and relator has not met his burden to obtain mandamus relief. Accordingly, we dismiss the petition for writ of habeas corpus in cause number 13-22-00549-CR for lack of jurisdiction, and we deny the petition for writ of mandamus in cause number 13-22-00550-CR.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
14th day of November, 2022.

4