

# NUMBER 13-23-00245-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HUMBERTO ROSALES CRUZ

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Tijerina[1]**

Humberto Rosales Cruz has filed a pro se "motion for clerical errors" in the above-referenced cause. The exact nature of Cruz's complaint is unclear; however, he appears to contend that his judgment of conviction is void. In his pleading, Cruz references the District Clerk of Hidalgo County, a previous petition for writ of mandamus filed in this Court, and a petition for writ of habeas corpus in the Texas Court of Criminal Appeals.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*See Ex parte Cruz*, No. WR-87,764-03, 2022 WL 14716958, at *1 (Tex. Crim. App. Oct. 26, 2022) (per curiam) (order) (not designated for publication); *In re Cruz*, No. 13-23-00086-CR, 2023 WL 2342147, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 2, 2023, orig. proceeding) (mem. op., not designated for publication). Because Cruz's arguments do not assail a judgment that is currently subject to appeal, we construe his pleading as a petition for writ of mandamus.[2]

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

---

[2] To the extent that Cruz's contentions may be construed to concern a pending post-conviction habeas proceeding, we lack jurisdiction. *See Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). Similarly, to the extent that Cruz's contentions may be construed as an original claim for habeas corpus relief, we lack jurisdiction. The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree that has been rendered in a civil case, and thus the intermediate courts of appeals do not have original habeas jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b); *see In re State ex rel. Best*, 616 S.W.3d 594, 599 & n.3 (Tex. Crim. App. 2021) (orig. proceeding). We have no jurisdiction to issue a writ of mandamus against individuals or entities other than those specified in the government code unless it is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *see, e.g.*, *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) ("We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction.").

The Court, having examined and fully considered Cruz's petition for writ of mandamus, is of the opinion that it should be dismissed in part and denied in part. To the extent that Cruz seeks mandamus relief against the district clerk, we dismiss Cruz's petition for writ of mandamus for lack of jurisdiction. Cruz has not shown that the issuance of a writ is necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Washington*, 7 S.W.3d at 182. To the extent that Cruz seeks

3

mandamus relief against the judge of the trial court, we deny the petition for writ of mandamus. Cruz has not met his burden to obtain mandamus relief insofar as, *inter alia*, his pleading fails to comply with the appellate rules, and he failed to file a record in support of his claims. *See In re Meza*, 611 S.W.3d at 388; TEX. R. APP. P. 52.3, 52.7. Accordingly, the petition for writ of mandamus is dismissed in part and denied in part.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
9th day of June, 2023.