

# NUMBER 13-24-00469-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HUMBERTO ROSALES CRUZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Tijerina[1]**

Humberto Rosales Cruz filed a pro se pleading in this Court. Although this pleading is unclear, it appears that Cruz contends that the district clerk failed to timely send his article 11.07 application for writ of habeas corpus to the Texas Court of Criminal Appeals and that the trial court failed to notify him regarding related events. We liberally construe Cruz's pleading as a petition for writ of mandamus.[2] *See generally* TEX. R. APP. P. 19.1

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] To the extent that Cruz's contentions may be construed to concern a pending post-conviction habeas proceeding, we lack jurisdiction. *See Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115,

(delineating the plenary power of the appellate courts), 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.").

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*,

---

117–18 (Tex. Crim. App. 2013) (orig. proceeding) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). Similarly, to the extent that Cruz's contentions may be construed as an original claim for habeas corpus relief, we lack jurisdiction. The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree that has been rendered in a civil case, and thus the intermediate courts of appeals do not have original habeas jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b); *see In re State ex rel. Best*, 616 S.W.3d 594, 599 & n.3 (Tex. Crim. App. 2021) (orig. proceeding). We have no jurisdiction to issue a writ of mandamus against individuals or entities other than those specified in the government code unless it is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *see, e.g.*, *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston

3

[1st Dist.] 1999, orig. proceeding) (per curiam) ("We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction.").

The Court, having examined and fully considered Cruz's petition for writ of mandamus, is of the opinion that it should be dismissed in part and denied in part. To the extent that Cruz seeks mandamus relief against the district clerk, we dismiss Cruz's petition for writ of mandamus for lack of jurisdiction. The government code does not provide us with general mandamus jurisdiction over a district clerk, and Cruz has not shown that the issuance of a writ against the district clerk is necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Washington*, 7 S.W.3d at 182. To the extent that Cruz seeks mandamus relief against the judge of the trial court, we deny the petition for writ of mandamus. Cruz has not met his burden to obtain mandamus relief insofar as, *inter alia*, his pleading fails to comply with the appellate rules, and he failed to file a record in support of his claims. *See In re Meza*, 611 S.W.3d at 388; TEX. R. APP. P. 52.3, 52.7. Accordingly, the petition for writ of mandamus is dismissed in part and denied in part.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of September, 2024.