**Opinion filed February 23, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00029-CR

_____

## IN RE FRED GONZALES

---

**Original Proceeding**

---

## M E M O R A D U M   O P I N I O N

Relator, Fred Gonzales, has filed this original proceeding pro se.  Relator is charged by indictment with aggravated assault with a deadly weapon.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2022).  According to Relator, the State has enhanced his offense pursuant to Section 12.42(d) of the habitual felony offender statute.  *See* PENAL CODE § 12.42(d) (West 2019) (providing for a punishment of twenty-five to ninety-nine years or life imprisonment).

In his petition, Relator requests that we provide him with various forms of relief based on alleged violations of his rights by his defense attorney and the district court as it relates to the district judge's order of incompetency to stand trial.  *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005 (West 2018).  Three weeks prior to filing

the instant proceeding, Relator filed a similar original proceeding that alleged many of the same constitutional violations. *See In re Gonzales,* No. 11-23-00017-CR, 2023 WL 1827013 (Tex. App.—Eastland Feb. 9, 2023, orig. proceeding) (mem. op., not designated for publication). In this proceeding, Relator additionally alleges ineffective assistance of counsel and more constitutional violations based on the same conduct alleged in his previous petition. As a result of the alleged violations, Relator requests us to discuss this "petition for review" with the trial court, dismiss the aggravated assault charge, dismiss the trial court's order of incompetency, and issue orders (1) expunging the charge from his record and (2) restoring his competency. Like the previous proceeding, we dismiss this original proceeding for want of jurisdiction.

This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2022) (limited writ powers granted to the courts of appeals). As a result, we have no jurisdiction as an intermediate appellate court to address this original proceeding, which the Relator calls a "motion of discretionary review" of the order finding him incompetent to stand trial. *Id.*

We also lack jurisdiction to address any determination of a defendant's incompetency to stand trial.[1] CRIM. PROC. art. 46B.011; *In re Commitment of V.S.*, No. 11-21-00198-CV, 2022 WL 120785, at *1 (Tex. App.—Eastland Jan. 13, 2022) (mem. op., not designated for publication); *see also Ragston v. State*, 424 S.W.3d 49, 51 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.— Fort Worth 1996, no pet.). Even if we had jurisdiction to address an appeal of the

---

[1]We note that the order of incompetency Appellant refers to is not in the record for our review. *See* TEX. R. APP. P. 52.3(k)(1)(A) (the appendix in an original proceeding must include a certified or sworn copy of the order or document that is the basis of the complaint).

2

incompetency order, Relator is represented by counsel for his pending criminal case. Criminal defendants have no right to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *In re Scott*, No. 01-20-00793-CR, 2020 WL 7062319, at *1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication) (relator-defendant was not entitled to hybrid representation before appellate court).

Moreover, we have no authority to grant Relator the relief he seeks. As a court of appeals, we do not have original habeas jurisdiction in criminal cases. CRIM. PROC. art. 11.05 (West 2015) (original habeas jurisdiction is limited to county courts, district courts, and the Court of Criminal Appeals); *In re Proctor*, No. 11-20-00075-CR, 2020 WL 1181934, at *1 (Tex. App.—Eastland Mar. 12, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication); *see also* GOV'T CODE § 22.221(d) (limiting original habeas jurisdiction to civil cases). Therefore, we do not have original habeas jurisdiction to address Relator's ineffective assistance of counsel claims or to entertain his request that we dismiss his criminal charge and expunge his criminal record. *See* CRIM. PROC. art. 11.05; *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (court of appeals lacked original habeas jurisdiction to address an original proceeding filed in a criminal case that alleged ineffective assistance of counsel).

Accordingly, we dismiss this original proceeding for want of jurisdiction.

PER CURIAM

February 23, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.