**Opinion filed July 3, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00141-CR

_____

## HANNAN ISAAC JOSEPH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. CR-027960**

### M E M O R A N D U M   O P I N I O N

On February 24, 2025, a jury convicted Appellant, Hannan Isaac Joseph, of driving while intoxicated, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(a), (b) (West Supp. 2024). The trial court assessed his punishment at confinement for 180 days in the Jones County Jail and a $2,000 fine, suspended the imposition of that sentence, and placed him on community supervision for two years. On May 16, 2025, Appellant filed a pro se "Petition for Specific Performance, Injunctive Relief, and to Vacate Judgment Due to [Mistrial]," which we construe as a notice of appeal from the trial court's judgment of conviction. In the notice,

Appellant seeks to invoke "the original and appellate jurisdiction" of this court. We dismiss the appeal.

When this appeal was docketed, we notified Appellant by letter that his pro se notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 26.2(a). We also advised Appellant that our authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2024). In our letter, we requested that Appellant respond and show grounds to continue the appeal, and we notified him that the appeal may be dismissed for want of jurisdiction. Although we reminded him by letter on May 28 that his response was due, Appellant did not file a response.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). The judgment of conviction shows that the trial court sentenced Appellant in open court on February 24, 2025. Appellant mailed his notice of appeal on May 10, 2025, and it was filed on May 16, 2025. Appellant did not file a motion for new trial.[1] The notice of appeal was therefore untimely. *See* TEX. R. APP. P. 9.2(b)(1), 26.2(a)(1). Absent a timely filed notice of appeal, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Moreover, to the extent that Appellant attempts to invoke our original jurisdiction, we have no authority to grant the relief he seeks. In this regard,

---

[1]Appellant's notice includes a "motion to vacate the judgment due to mistrial and void jurisdiction" along with several "causes of action." To the extent that this part of the filing could be construed as a motion for new trial, such a motion was untimely filed and improperly submitted to this court. *See* TEX. R. APP. P. 21.4(a), 21.6.

Appellant requests, among other relief, "[s]pecific performance compelling fiduciary duties under the trust law agreement and merger," a "permanent injunction against threats, interference, or unlawful agreement and merger" and that we vacate the judgment "based on [mistrial] and misconduct." As a court of appeals, we have limited original jurisdiction in criminal cases, which does not apply here. GOV'T § 22.221(a), (d); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West Supp. 2024) (original habeas jurisdiction is limited to county courts, district courts, and the Court of Criminal Appeals); *see In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Therefore, we do not have jurisdiction to address Appellant's "claims" or to entertain his requests.[2]

Because we lack jurisdiction over the merits of this appeal, we have no jurisdiction to consider Appellant's "petition." *See Gowan v. State*, No. 02-16-00140-CR, 2016 WL 2989952, at *1 (Tex. App.—Fort Worth May 19, 2016, no pet.) (mem. op., not designated for publication) ("[H]aving no jurisdiction over [the] appeal, we have no jurisdiction to consider [the appellant's] motion.").

We dismiss this appeal for want of jurisdiction.


W. STACY TROTTER

JUSTICE

July 3, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]To the extent Appellant requests that we grant him an out-of-time appeal, we are not authorized to grant such a request. The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).